PETROPLUS, JUDGE:
The claimant was retired as an employee of the State Road Commission on February 4, 1967, when he attained the age of *52 70 years by virtue of the requirements of the Compulsory Retirement Age Act passed by the Legislature in 1965, (Code, Chapter 5, Article 14). The repeal of the Act, effective on February 1, 1968, has no relevancy to .the issue before the Court. Section 5 of said Act provided that upon submission of a payroll to the State Auditor for payment, the individual submitting the payroll should certify that no person whose name was listed thereon was 70 years of age or older, and if it was brought to the attention of the State Auditor that a listed employee bad reached retirement age, no warrant could be issued for payment of said employee’s services.
At the time of the Claimant’s retirement, he had accrued to his credit 289 hours of what is termed as compensatory leave time. In an official memorandum dated March 18, 1965, the State Road Commissioner defined compensatory time as time worked by salaried employees after regular working hours to meet emergency situations or designated work schedules of contractors for the State Road Commission. The District Engineer of a designated project was required to approve work hours beyond the regular work schedule, and no employee was permitted by regulation to accumulate more than 20 hours of compensatory time in any one week, nor more than 200 hours of compensatory time to his credit at any one time. Any compensatory time accumulation in excess of the regulation was declared unauthorized.
The accounting practices of the State Road Commission carried a retired employee on the payroll until the amount of extra time accumulated 'and to which the employee was entitled was paid. When the claimant was retired by compulsion upon reaching the age of 70 years, the requirement of certification and the prohibition placed upon the Auditor heretofore mentioned prevented the claimant from receiving compensation for his extra work.
The Respondent stipulated that on the basis of the maximum credit allowed, namely 200 hours, the Claimant was entitled to $760.29. The additional 89 hours claimed, being in excess of the allowable credit, are not compensable.
It appearing to the Court that the Claimant rendered services of value to the State beyond his regular working hours *53 pursuant to a requirement of the State Road Commission, and that in equity and good conscience the State should pay him for these services, the Court is of opinion to allow this claim in the amount of $760.29, notwithstanding that the payroll procedural problems created by the Compulsory Retirement Act because of the certification requirement prevented the State Auditor from issuing a warrant for payment. The services were rendered while the Claimant was an eligible employee of the State, and were duly authorized by the State. A contrary holding would work a manifest injustice.
Claim allowed in the amount of $760.29.